UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUS YAMASAKI,<br><br>    Plaintiff,<br><br>    v.<br><br>NATROL, LLC,<br><br>    Defendant. | Case No. 23-cv-00182-JD<br><br>**ORDER RE TRANSFER AND PARTIAL JUDGMENT ON THE PLEADINGS** |

Defendant Natrol, LLC's pending motions, Dkt. Nos. 20, 23, are suitable for decision without oral argument. Civil L.R. 7-1(b). The hearing that was set for July 20, 2023, is vacated.

Natrol has asked to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). Dkt. No. 20. A transfer is denied. As the Supreme Court stated in *Atlantic Marine*, "the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice.'" *Atlantic Marine Const. Co., Inc. v. U.S. District Court for Western District of Texas*, 571 U.S. 49, 63 (2013). Natrol's main argument for transfer is that Judge Walter in the Central District has already decided a very similar case, *Scarpo v. Natrol, LLC*, No. 21-1979 (C.D. Cal.), and so the interests of conserving judicial resources and preventing forum shopping warrant a return to the Central District. But plaintiff has advised that *Scarpo* has been dismissed and closed. Consequently, there is no obvious reason for a transfer to the Central District, especially since there is no basis to assume that the case would be assigned to Judge Walter.

Natrol has not otherwise met its burden of establishing that the Central District of California is "the more appropriate forum for the action." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). A case-specific consideration of convenience and fairness does not show, for example, that the cost of litigating in the Central District is likely to be significantly less than the cost of litigating here in the Northern District. *See id*. at 498-99. Although plaintiff's

choice of forum is not dispositive here, it also is not irrelevant. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Overall, the Court finds that a transfer is not warranted.

Natrol has also filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 23. On the somewhat atypical facts and circumstances here, the Court finds that plaintiff Yamasaki lacks Article III standing for her claims for injunctive relief under the Consumer Legal Remedies Act and the Unfair Competition Law. Plaintiff has expressly alleged that defendant's "Cognium Products are not capable of having any effect beyond that of a placebo" because it is "scientifically impossible for silk protein hydrolysate to provide the brain health and memory benefits that Natrol promises." Dkt. No. 1 ¶ 4. Plaintiff also alleges that silk protein hydrolysate is the single active ingredient in the Cognium Products, and, contrary to Natrol's claims, "silk protein hydrolysate is digested in the human gastrointestinal track, the same way any other protein is ingested," and so cannot "cross the blood-brain barrier" and impact the brain. *Id*. ¶¶ 4, 28, 29.

In effect, plaintiff herself has stated that, as a matter of hard science and human physiology, Natrol cannot work as advertised. In this unusual factual situation, plaintiff cannot plausibly allege that she "would like to" purchase this product again in the future, or that she "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 969-70 (9th Cir. 2018). Plaintiff has categorically alleged that the products that Natrol manufactures, with their single active ingredient of silk protein hydrolysate, cannot ever improve her memory and brain health. These allegations distinguish this case from cases like *Davidson*, 889 F.3d at 971, where the circuit found, at the motion to dismiss stage, that plaintiff's injury was real and not merely abstract where she had alleged that "she would purchase truly flushable wipes manufactured by Kimberly-Clark if it were possible."

While the Court has considerable doubt that plaintiff can plausibly allege around the science she embraces, it is not prepared to dismiss with prejudice without affording Yamasaki an

opportunity to amend. Plaintiff's claims for injunctive relief under the CLRA and UCL are consequently dismissed with leave to amend.

Plaintiff has made a claim for damages under the CLRA and in a breach of express warranty claim. Dkt. No. 1 ¶¶ 56, 79. Plaintiff's UCL claim for equitable restitution is dismissed without prejudice for lack of equitable jurisdiction pursuant to *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022), and *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020). As plaintiff acknowledges, "*Guzman* established that the Court lacks equitable jurisdiction over [her] claims for equitable restitution because the CLRA provides an adequate remedy at law." Dkt. No. 32 at 1.

Plaintiff's claims for injunctive relief under the CLRA and UCL are dismissed with leave to amend. Her claim for restitution under the UCL is dismissed without prejudice. An amended complaint consistent with this order is due by August 18, 2023. No additional claims or parties may be added without express leave of Court.

The initial case management conference that was set for July 20, 2023, is vacated pending further order.

**IT IS SO ORDERED.**

Dated: July 17, 2023

JAMES DONATO
United States District Judge

3