**FAEGRE DRINKER BIDDLE & REATH LLP**
Lawrence G. Scarborough (AZ Bar No. 006965)
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
E-mail: lawrence.scarborough@faegredrinker.com

**FAEGRE DRINKER BIDDLE & REATH LLP**
Desmonne A. Bennett (Admitted *Pro Hac Vice*)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
E-mail: desmonne.bennett@faegredrinker.com

**FAEGRE DRINKER BIDDLE & REATH LLP**
Kaylee A. Racs (CA Bar No. 353919)
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
E-mail: kaylee.racs@faegredrinker.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VENUS YAMASAKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATROL, LLC,<br><br>Defendant. | Case No. 3:23-cv-00182-JD<br><br>**NATROL, LLC'S<br>COUNTER ADMINISTRATIVE MOTION<br>TO FILE UNDER SEAL**<br><br>Courtroom: 11<br>Judge: Hon. James Donato |

**FAEGRE DRINKER BIDDLE & REATH LLP**
Lawrence G. Scarborough (AZ Bar No. 006965)
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
E-mail: lawrence.scarborough@faegredrinker.com

**FAEGRE DRINKER BIDDLE & REATH LLP**
Desmonne A. Bennett (Admitted *Pro Hac Vice*)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
E-mail: desmonne.bennett@faegredrinker.com

**FAEGRE DRINKER BIDDLE & REATH LLP**
Kaylee A. Racs (CA Bar No. 353919)
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
E-mail: kaylee.racs@faegredrinker.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VENUS YAMASAKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATROL, LLC,<br><br>Defendant. | Case No. 3:23-cv-00182-JD<br><br>**DECLARATION OF DESMONNE A. BENNETT IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 142)**<br><br>Courtroom: 11<br>Judge: Hon. James Donato |

I, Desmonne A. Bennett, hereby declare and state:

1. I am counsel for Defendant Natrol, LLC in this action.

2. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

3. Pursuant to Local Rule 79-5(f)(3), I submit this declaration in support of Plaintiff's

1  Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 142)
2  (the "Motion").

3  4.  Plaintiff has filed under seal certain portions of Plaintiff's Trial Brief. Courts within this district have applied the "compelling reasons" standard to motions to seal in connection with trial briefing. *See Skillz Platform Inc. v. AviaGames Inc.*, 2024 WL 459076, at *3 (N.D. Cal. Feb. 6, 2024). Under this standard, the material identified in the Trial Brief and addressed in this Declaration is appropriate for sealing. *See, e.g., McMorrow v. Mondelez International, Inc.*, No. 17-cv-2327-BAS-JLB, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) ("Compelling reasons may exist if sealing is required to prevent documents from being used 'as sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

5.  The material Natrol respectfully requests be sealed is attached to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 142-3).

6.  The material referenced in Plaintiff's Trial Brief contains sensitive business information, such as Natrol's marketing strategies and product development plans, including communications with the supplier regarding the development of the product. This information is not publicly available. Public disclosure of this material "could result in improper use by business competitors seeking to replicate [Natrol's] business practices and circumvent the considerable time and resources necessary in product and marketing development." *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding compelling reasons outweigh the public's interests in disclosure); *see also In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive standing"); *Intuit Inc. v. HRB Tax Group, Inc.*, No. 5:24-CV-00253-BLF, 2024 WL 4314189, at *2 (N.D. Cal. Sept. 25, 2024) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage. Such competitive information can include confidential training materials, marketing information, and business data.") (internal quotation omitted); *eBay Inc. v. Boch*, No. 19-

CV-04422-BLF, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) ("Compelling reasons may exist to seal trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing.") (internal quotations omitted); *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[C]ourts have been willing to seal court filings containing confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data.").

7. Natrol seeks to have portions of Plaintiff's Trial Brief remain filed under seal. The specific page and line numbers and rationale for each portion Natrol seeks to have remain under seal are referenced in the below chart.

| Document Name | Portions Sought to be Sealed | Rationale |
| --- | --- | --- |
| Plaintiff's Unredacted Trial Brief (ECF 142-3) | 8:19-23 | The statements sought to be sealed relate to marketing strategy regarding the label for the product and marketing of the product, including specifically the discussion with the supplier regarding the development and marketing of the product. |

8. Natrol has identified the least restrictive means of protecting its information.

9. The material Natrol seeks to seal is designated as Confidential under the Court's Protective Order. (Dkt. 44.)

10. Pursuant to Civil Local Rule 79-5 and the compelling reasons standard described in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), compelling reasons exist to seal the materials described herein.

11. I have reviewed and complied with Civil Local Rule 79-5 and the United States District Court Northern District of California Standing Order For Civil Cases Before Judge James Donato.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 14th day of August, 2025 in Boulder, Colorado.

    /s/ Desmonne A. Bennett
    Desmonne A. Bennett