Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
apersinger@tzlegal.com

Hassan A. Zavareei (CA Bar No. 181547)
Allison W. Parr (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
(202) 973-0900
hzavareei@tzlegal.com
aparr@tzlegal.com

Stuart E. Scott (*pro hac vice*)
Kevin Hulick (*pro hac vice*)
**SPANGENBERG SHIBLEY
& LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
sscott@spanglaw.com
khulick@spanglaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUS YAMASAKI, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>NATROL, LLC<br><br>     Defendant. | Case No. 23-cv-00182-JD<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Honorable James Donato<br>Date: December 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 11 |

1    **PLEASE TAKE NOTICE** that on December 4, 2025 at 10:00 a.m., or at another time

2  agreeable to the Court, Plaintiff Venus Yamasaki on behalf of herself and all others similarly situated

3  will respectfully move for an order to preliminarily approve the Class Action Settlement reached in

4  this case.

5        This Motion is unopposed by Defendant Natrol, LLC ("Natrol").

6

7  DATED: September 26, 2025                    Respectfully Submitted,

8                                    */s/ Annick M. Persinger*

9                                    Annick M. Persinger (CA Bar No. 272996)
                                     **TYCKO & ZAVAREEI LLP**

10                                   1970 Broadway, Suite 1070
                                     Oakland, California 94612

11                                   Telephone: (510) 254-6808
                                     apersinger@tzlegal.com

12

13                                   Hassan A. Zavareei (CA Bar No.181547)
                                     Allison W. Parr (*pro hac vice*)

14                                   **TYCKO & ZAVAREEI LLP**
                                     2000 Pennsylvania Avenue NW, Suite 1010

15                                   Washington, DC 20006
                                     (202) 973-0900

16                                   hzavareei@tzlegal.com
                                     aparr@tzlegal.com

17

18                                   Stuart E. Scott (*pro hac vice*)
                                     Kevin Hulick (*pro hac vice*)

19                                   **SPANGENBERG SHIBLEY
                                     & LIBER LLP**

20                                   1001 Lakeside Avenue East, Suite 1700
                                     Cleveland, OH 44114

21                                   (216) 696-3232
                                     sscott@spanglaw.com

22                                   khulick@spanglaw.com

23                                       *Attorneys for Plaintiff*

24

25

26

27

28

Annick M. Persinger (CA Bar No. 272996)
apersinger@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Hassan A. Zavareei (CA Bar No.181547)
Allison W. Parr (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
(202) 973-0900
hzavareei@tzlegal.com
aparr@tzlegal.com

Stuart E. Scott (*pro hac vice*)
Kevin Hulick (*pro hac vice*)
**SPANGENBERG SHIBLEY
& LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
sscott@spanglaw.com
khulick@spanglaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUS YAMASAKI, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATROL, LLC<br><br>                    Defendant. | Case No. 23-cv-00182-JD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Honorable James Donato<br><br>Date:<br>Time:<br>Courtroom: 11 |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................1

II.     PROCEDURAL BACKGROUND AND HISTORY OF NEGOTIATIONS.......................2

III.    SETTLEMENT TERMS .....................................................................................................2

        A.     The Proposed Settlement Class .............................................................................2

        B.     The Benefits to the Settlement Class.....................................................................3

        C.     The Claims Released .............................................................................................4

        D.     Anticipated Claims Rate .......................................................................................5

        E.     Reversions .............................................................................................................5

        F.     Settlement Administrator and Administration Costs .............................................5

        G.     Proposed Notice Plan ............................................................................................6

        H.     Opt-Outs and Objections ......................................................................................6

        I.      Fees, Costs, and Service Awards ..........................................................................6

        J.      Cy Pres ..................................................................................................................7

IV.     LEGAL STANDARD FOR PRELIMINARY APPROVAL ..............................................7

V.      ARGUMENT ......................................................................................................................7

        A.     The Settlement Agreement Warrants Preliminary Approval .................................8

                1.     Rule 23(e)(2)(A): Plaintiff and Settlement Class Counsel have
                       adequately represented the proposed Settlement Class .............................8

                2.     Rule 23(e)(2)(B): The Settlement was negotiated at arm's length .............8

                3.     Rule 23(e)(2)(C): The relief for the Settlement Class is substantial..........9

                        a.     Rule 23(e)(2)(C)(i): The costs, risks, and delay of trial and
                               appeal .............................................................................................9

                        b.     Rule 23(e)(2)(C)(ii): The proposed method of distributing
                               relief and of processing Claims is and will be effective.....................10

                        c.     Rule 23(e)(2)(C)(iii): The terms and timing of the proposed
                               Fee Award are fair and reasonable ......................................................10

                        d.     Rule 23(e)(2)(C)(iv): There are no supplemental agreements.............11

                4.     Rule 23(e)(2)(D): Settlement Class Members are treated equitably ...............11

                5.     Additional Ninth Circuit factors favor approval or are neutral.....................12

a.    The amount offered in Settlement .......................................................... 12

b.    The experience and views of Settlement Class Counsel ..................... 13

c.    Government participation and settlement class reaction................... 13

B.    The Court Should Certify the Settlement Class for Settlement Purposes ..................... 13

C.    The Court Should Approve the Proposed Notice Program ............................................... 14

VI.    PROPOSED SCHEDULE FOR FINAL APPROVAL PROCEEDINGS .......................... 15

VII.    CONCLUSION ................................................................................................................ 15

MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 23-cv-00182-JD

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Acosta v. Evergreen Moneysource Mortg. Co.,*
    2019 WL 6051117 (E.D. Cal. Nov. 15, 2019) ................................................................ 12

*Allagas v. BP Solar Int'l, Inc.,*
    2016 WL 9114162 (N.D. Cal. Dec. 22, 2016) ................................................................ 11

*Barr v. SelectBlinds LLC,*
    2024 WL 5162609 (C.D. Cal. Mar. 4, 2024) ...................................................................5

*Bellinghausen v. Tractor Supply Co.,*
    306 F.R.D. 245 (N.D. Cal. 2015) .................................................................................. 11

*Briseno v. Henderson,*
    998 F.3d 1014 (9th Cir. 2021) .........................................................................................9

*Cabrera v. Google LLC,*
    2025 WL 2494429 (N.D. Cal. Aug. 29, 2025) .............................................................. 11

*Campbell v. Facebook, Inc.,*
    951 F.3d 1106 (9th Cir. 2020) .........................................................................................7

*Celano v. Marriott Int'l Inc.,*
    242 F.R.D. 544 (N.D. Cal. 2007) .................................................................................. 13

*Churchill Vill., L.L.C. v. General Electric,*
    361 F.3d 566 (9th Cir. 2004) .................................................................................... 7, 12

*Dennis v. Kellogg Co.,*
    2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) .............................................................. 10

*In re Facebook Biometric Info. Priv. Litig.,*
    522 F. Supp. 3d 617 (N.D. Cal. 2021) .......................................................................... 11

*In re Google Referrer Header Priv. Litig.,*
    2014 WL 1266091 (N.D. Cal. Mar. 26, 2014) ......................................................... 14, 15

*Greko v. Diesel U.S.A., Inc.,*
    2013 WL 1789602 (N.D. Cal. Apr. 26, 2013) .............................................................. 12

*Hanon v. Dataprods. Corp.,*
    976 F.2d 497 (9th Cir. 1992) ........................................................................................ 13

*In re Hyundai & Kia Fuel Econ. Litig.,*
    926 F.3d 539 (9th Cir. 2019) ...........................................................................................8

*Knutson v. Schwan's Home Serv., Inc.,*
    2014 WL 3519064 (S.D. Cal. July 14, 2014) .............................................................. 15

iii

*Lane v. Facebook, Inc.*,
  696 F.3d 811 (9th Cir. 2012) ................................................................................ 15

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) .............................................................................. 12

*Louie v. Kaiser Found. Health Plan, Inc.*,
  2008 WL 4473183 (S.D. Cal. Oct. 6, 2008) ............................................................ 8

*Martinelli v. Johnson & Johnson*,
  2022 WL 4123874 (E.D. Cal. Sept. 9, 2022) ........................................................ 11

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .................................................................................. 7

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) ................................................................................ 11

*Messineo v. Ocwen Loan Servicing, Inc.*,
  2017 WL 733219 (N.D. Cal. Feb. 24, 2017) ............................................................ 5

*Moore v. Verizon Commc'ns Inc.*,
  2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ......................................................... 5

*Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*,
  2021 WL 1788447 (N.D. Cal. May 5, 2021) ........................................................... 8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................... 9, 13

*Norton v. LVNV Funding, LLC*,
  2021 WL 3129568 (N.D. Cal. July 23, 2021) .......................................................... 8

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*,
  688 F.2d 615 (9th Cir. 1982) ................................................................................ 12

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ........................................................................... 5, 14

*Paz v. AG Adriano Goldschmeid, Inc.*,
  2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) .......................................................... 9

*In re Toys R Us-De., Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*,
  295 F.R.D. 438 (C.D. Cal. 2014) ........................................................................... 5

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ............................................................................................. 13

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010) .............................................................................. 13

*Wong v. Arlo Techs., Inc.*,
    2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ........................................................ 12

*Youth Just. Coals. v. City of L.A.*,
    2020 WL 9312377 (C.D. Cal. Nov. 17, 2020) .................................................... 14, 15

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................11, 13, 15

**Other Authorities**

Final Order and Judgment, *Collins v. Quincy Bioscience, LLC*, No. 19-cv-22864-MGC
    (Nov. 18, 2020), ECF No. 200 .......................................................................... 12

Settlement Agreement and Release, *Collins v. Quincy Bioscience, LLC*, No. 19-cv-22864-
    MGC (June 24, 2020), ECF No. 147-1 .............................................................. 12

### I.    INTRODUCTION

After over three years of litigating this hard-fought case, Plaintiff[1] is pleased to present to the Court this motion seeking preliminary approval of a $7.5 million non-reversionary Settlement Fund to resolve the claims against Natrol, LLC, for its marketing of Cognium Memory and Cognium Extra Strength (together, the "Cognium Products" or "Products"). From the $7.5 million Settlement Fund, the Settlement Agreement requires Natrol to pay a Cash Award to every approved Claimant, *pro rata*, the amount of which will vary depending on whether the Claimant provides proof of purchase. The Settlement Fund as a whole represents over 30% of Natrol's potential liability to a nationwide class of purchasers.

Plaintiff Yamasaki originally brought this action as the only named plaintiff to obtain refunds for California class members. Plaintiff alleges that Natrol sold the Products in violation of the California Legal Remedies Act and express warranty law by falsely advertising the Products as capable of improving memory and recall when, in fact, the active ingredient in the Products cannot do so. Now, in connection with the Settlement, Plaintiff Yamasaki seeks leave to amend to add additional Plaintiffs who bought the Products in other states and a nationwide putative class of purchasers.

At the time the Settlement was reached, Settlement Class Counsel was in a position to make an informed decision about the value of Plaintiff's case relative to the benefits offered by the Settlement. In that regard, the relief for Settlement Class Members was secured after Plaintiff defeated Natrol's Motion for Judgment on the Pleadings, and after the completion of fact and expert discovery. Several case determinative motions had been briefed and were fully pending, including class certification, and cross-motions for summary judgment. Additionally, the Parties had collectively filed four *Daubert* motions, nine motions *in limine*, trial briefs, jury instructions, exhibit lists, verdict forms, witness lists and more. The Settlement is also the result of 9 months of informal settlement negotiations culminating in one day-long mediation session with the aid of Judge Suzanne Ramos Bolanos (Ret.).

---

[1] Unless otherwise indicated, capitalized terms are defined in the Settlement Agreement ("Settlement" or "Agreement"), attached as Exhibit A to the Declaration of Annick M. Persinger ("Persinger Decl.").

Accordingly, Plaintiff respectfully submits that the Settlement is fair, adequate, and reasonable, and that it warrants preliminary approval. Plaintiff requests that the Court:

1) Preliminarily approve the proposed Settlement;

2) Provisionally certify a nationwide Settlement Class for settlement purposes only;

3) Conditionally approve the Second Amended Complaint, filed contemporaneously with this motion, for purposes of the proposed Settlement and Settlement Class;

4) Appoint Plaintiff Venus Yamasaki, and the named Plaintiffs in the proposed Second Amended Complaint (Uzodinma Ugoala, Khari Wheeler, Dalit Cohen, James Beuchler, and Samella Coffee), as Class Representatives for settlement purposes only;

5) Appoint Tycko & Zavareei LLP and Spangenberg Shibley & Liber LLP as Class Counsel for settlement purposes only;

6) Approve the form, manner, and content of the proposed notice and order that it be distributed to the Settlement Class pursuant to the proposed Notice Plan;

7) Set deadlines for filing claims, objections, and exclusions to the Settlement;

8) Schedule a Final Approval Hearing; and

9) Stay all proceedings until the Court renders a final decision on approval of the Settlement.

## II.        PROCEDURAL BACKGROUND AND HISTORY OF NEGOTIATIONS

The Persinger Declaration, outlining the multi-year, hotly contested litigation requiring enormous efforts by Settlement Class Counsel, is an integral part of this submission. It includes a detailed description of the factual and procedural history of the litigation. Persinger Decl. ¶ 6-27.

## III.        SETTLEMENT TERMS

### A.        The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

All persons in the United States who, between January 13, 2019 and the date of entry of preliminary approval of this Agreement (the "Class Period"), purchased in the United States, for personal or household consumption and not for resale or distribution, one of the Class Products, as defined below. Excluded from the Settlement Class are: (1) the presiding judges in the Actions; (2) any member of those judges' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or

2

assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

*See* Agreement § 1.5.

The Settlement Class differs from the class proposed in the First Amended Complaint in that the Settlement Class includes all persons in the United States who purchased the Products between January 13, 2019 and the date of entry of preliminary approval, while the First Amended Complaint applied to a class of California consumers. *See* Procedural Guidance for Class Action Settlements (the "Settlement Guidelines"), ¶ 1(a). This difference is appropriate because it means that the Settlement benefits more consumers than judgment on the claims than the operative complaint would have, and because the release contemplated by the Settlement releases nationwide claims. Persinger Decl. ¶ 28. Further, the Settlement Class Definition does not differ from the class definition in the proposed Second Amended Complaint. Having a settlement benefit a nationwide class is also efficient as it resolves all nationwide claims at once. No class has previously been certified in this action.

## B.    The Benefits to the Settlement Class

The Settlement Fund of $7.5 million is an excellent recovery for the Settlement Class as it represents 30% (specifically, 31.25%) of total liability to a nationwide class, which is comparable to similar false advertising cases. The Settlement Class will also have access to up to $20 for two purchases without submitting any proof of purchase, with more available with proof of purchase. Settlement § 4.2. Cash payments will be made from the Settlement Fund after payment of all Settlement expenses, including Notice and Other Administrative Costs, Fees and Costs Award, and Service Awards. *Id.* § 2.1. Cash Awards will be adjusted *pro rata* as needed. *Id.* §§ 2.3.2, 4.6.

Approved Claims will be paid 30 days after the Effective Date, *id.* § 4.7, by electronic payment[2] or check. *Id.* §§ 4.7, 4.8. Secondary distributions will be made to Claimants with uncleared payments within 90 days of issuance of the first check, to the extent economically feasible. *Id.*

---

[2] Electronic payment will include options like Paypal, Venmo, and direct deposit/ACH, and not Prepaid Credit Cards.

Regarding Settlement Guidance ¶ 1(f), the Settlement Administrator has estimated a claim rate of between 8-10% for this settlement. Persinger Decl. ¶ 42. Settlement Class Counsel supports this estimate, as it is reasonable and consistent with their experience. *Id.*

### C.    The Claims Released

The Settlement Provides for the following Release:

> The Releasing Parties hereby fully release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, asserted or unasserted, claims, demands, liabilities, rights, debts, obligations, liens, contracts, agreements, judgments, actions, suits, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, penalties, fees, attorneys' fees, and/or obligations of any nature whatsoever (including "Unknown Claims" as defined below), whether at law or in equity, accrued or unaccrued, whether previously existing, existing now or arising in the future, whether direct, individual, representative, or class, of every nature, kind and description whatsoever, based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, relating in any way to any conduct prior to the date of the Preliminary Approval Order and that: (i) is or are based on any act, omission, inadequacy, misstatement, representation (express or implied), harm, matter, cause, or event related to any Class Products; (ii) involves legal claims related to either or both of the Class Products that have been asserted in the Actions or could have been asserted in the Actions; or (iii) involves the advertising, marketing, promotion, purchase, sale, distribution, design, testing, manufacture, application, use, performance, warranting, packaging or Labeling of either or both of the Class Products (collectively, the "Released Claims"). The Parties acknowledge and agree that bodily injury, wrongful death, and/or emotional distress claims arising from bodily injury, are not part of any of the facts alleged by Class Representatives and that such claims are not included within the Released Claims.

Agreement § 7.2.

Specifically excluded from the Release are individual personal injury or disease claims, including existing claims, as well as latent or unknown individual personal injury or disease claims, held by Settlement Class Members. *Id.* §§ 7.2, 7.3.

Settlement Class Counsel believes that the Release is appropriately tailored, in that it is limited to claims arising from the factual predicate to the claims asserted in the First Amended Complaint and the proposed Second Amended Complaint and is therefore appropriate consideration in exchange for the substantial class relief by the Settlement. Persinger Decl. ¶ 30. The only difference between this Release and the release of claims contemplated by the operative complaint is that this release is by a nationwide class, instead of the putative Class of California purchasers contemplated by the First

1    Amended Complaint. Persinger Decl. ¶ 31; Settlement Guidelines ¶ 1(b). This difference is appropriate

2    because the Settlement benefits a nationwide class of Settlement Class Members. Persinger Decl. ¶ 31.

3    Further, the Release does not differ from the release of claims contemplated by the proposed Second

4    Amended Complaint. *Id.* ¶¶ 31-32.

5                      **D.    Anticipated Claims Rate**

6            Settlement Class Counsel anticipate a claims rate of approximately 8-10%. Persinger Decl. ¶

7    42. *See In re Toys R Us-De., Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D.

8    438, 468 n.134 (C.D. Cal. 2014) (noting that claims filing rates in consumer litigation range from 2-

9    20%); *Messineo v. Ocwen Loan Servicing, Inc.*, 2017 WL 733219, at *7 (N.D. Cal. Feb. 24, 2017) (9.26%

10   claims rate was higher than average participation); *Barr v. SelectBlinds LLC*, 2024 WL 5162609, at *10

11   (C.D. Cal. Mar. 4, 2024) (approving settlement with 7.5% cash claim rate); *In re Online DVD-Rental*

12   *Antitrust Litig.*, 779 F.3d 934, 941 (9th Cir. 2015) (upholding settlement with a 3.4% claim rate); *Moore*

13   *v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (approving class settlement

14   with 3% claims rate). Settlement Class Counsel anticipates that the claims rate for this Settlement may

15   be higher than for other class settlements because each approved Claimant could be awarded up to

16   $20 in cash without submitting any proof of purchase. Persinger Decl. ¶ 42.

17                      **E.    Reversions**

18           There will be no reversion to Defendant.

19                      **F.    Settlement Administrator and Administration Costs**

20           The proposed Settlement Administrator is Epiq Class Action & Claims Solutions, Inc.

21   ("Epiq"), a leading class action administration firm in the United States. Decl. of Cameron R. Azari,

22   Esq. Regarding Notice Plan ("Azari Decl.") ¶ 4 (attached as Exhibit 6 to the Settlement Agreement).

23   Before selecting Epiq, Settlement Class Counsel considered bids from three reputable administrators.

24   Persinger Decl. ¶ 38. Settlement Class Counsel selected Epiq because of Epiq's expertise,

25   competitiveness of its bid, robust proposal for an internet and social media notice plan. *Id.* ¶ 39.

26   Further, Epiq has strong data privacy and security procedures, set forth in the Azari Declaration at

27   paragraphs 11-17. Settlement Class Counsel's history of engagements with Epiq over the last two years

28

1    set forth in the Persinger Declaration. Persinger Decl. ¶ 40. Epiq estimates Notice and Claims

2    Administration costs will be between $350,000-$400,000. *Id.* ¶ 41; Azari Decl. ¶ 47.

3              **G.    Proposed Notice Plan**

4              The parties' proposed Notice Plan consists of (1) media, internet, and social media notice; (2)

5    mailed notice to a small of number purchasers for whom Natrol has addresses; (3) direct notice via

6    email to Amazon purchasers, effected by Amazon; (4) a Settlement Website; and (5) a toll-free

7    informational telephone number. Azari Decl. ¶ 26-44. The Notice Plan is reasonably calculated to

8    reach approximately 70% of the Settlement Class. *Id.* ¶¶ 20, 51. Epiq will also provide CAFA Notice

9    to state and federal officials as provided in 28 U.S.C. § 1715 within 10 days after the filing with the

10   Court of the Settlement Agreement and this motion for preliminary approval. *Id.* ¶ 18.

11             **H.    Opt-Outs and Objections**

12             The Notice will advise Settlement Class Members of their right to opt out of the Settlement

13   or to object to the Settlement and/or to Settlement Class Counsel's application for attorneys' fees,

14   costs, and expenses and/or Service Award to the Class Representative, and of the associated deadline

15   to opt out or object. The deadline to opt out or object to the Settlement will be 60 days after the

16   Settlement Notice Date. Agreement §§ 1.2.3, 1.24. Objections must be sent to the Claims

17   Administrator in writing, postmarked on or before the Objection Deadline, and must contain (i) a

18   caption or title that clearly identifies the Action and that the document is an objection; (ii) information

19   sufficient to identify and contact the objecting Class Member or his or her attorney if represented; (iii)

20   information sufficient to establish the person's standing as a Settlement Class Member; (iv) a clear and

21   concise statement of the Class Member's objection, as well as any facts and law supporting the

22   objection; (v) identification of the case name, case number, and court for any prior class action lawsuit

23   in which the objector and the objector's attorney (if applicable) has objected to a proposed class action

24   settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s);

25   (vi) the objector's signature; and (vii) the signature of the objector's counsel. *Id.* § 5.5.2.

26             **I.    Fees, Costs, and Service Awards**

27             The Settlement Agreement contemplates Settlement Class Counsel petitioning the Court for

28   a Fee Award. *Id.* § 3.1. Settlement Class Counsel intend to seek $2.25 million, which is 30% of the

1  Settlement Fund, and which represents an 85.5% negative multiplier on Class Counsel's lodestar.

2  Separately from the request for fees, Settlement Class Counsel also intend to seek reasonable litigation

3  costs, which are currently estimated to be $282,756.86.[3] Settlement Class Counsel may also petition

4  for Service Awards and intend to request Service Awards in the amount of $7,500 for Plaintiff Venus

5  Yamasaki, who had her deposition taken and was beginning to prepare to testify at trial, and $1,000

6  for each of the named plaintiffs included in the Second Amended Complaint. *Id.* There is no clear-

7  sailing provision.

8  **J.    Cy Pres**

9  The Settlement Agreement also contemplates that any funds that remain unclaimed or unused

10  after all distributions, including *pro rata* adjustment and any interest on the unclaimed or unused funds,

11  will be donated *cy pres* in equal shares to (a) Public Justice or FoolProof Foundation, and (b) First

12  Descents, www.firstdescents.org. Agreement § 4.9. The Persinger Declaration addresses the

13  requirements of paragraph 8 of the Northern District of California's Procedural Guidance on Class

14  Action Settlements. Persinger Decl. ¶ 37.

15  **IV.    LEGAL STANDARD FOR PRELIMINARY APPROVAL**

16  The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where

17  complex class action litigation is concerned." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir.

18  2020) (cleaned up). The trial judge may exercise his or her sound discretion in considering a

19  preliminary approval motion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The

20  Rule 23(e)(2) factors that inform the analysis, along with additional factors outlined in *Churchill Vill.,*

21  *L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004), are discussed below.

22  **V.    ARGUMENT**

23  The Settlement, which is the result of good-faith, informed, arm's-length negotiation between

24  competent counsel with the aid of an experienced mediator, satisfies each factor for preliminary

25  approval in the Ninth Circuit and under Rule 23(e).

26

27

28  _____

[3] Plaintiff anticipates there may be additional costs but has not factored them in here. Plaintiff will provide adequate detail for all costs, including any additional costs, in her motion for fees and costs.

### A.      The Settlement Agreement Warrants Preliminary Approval

#### 1.      Rule 23(e)(2)(A): Plaintiff and Settlement Class Counsel have adequately represented the proposed Settlement Class

Plaintiff and Settlement Class Counsel have adequately represented the Settlement Class. Plaintiff has "actively participated in the prosecution of this case," *Norton v. LVNV Funding, LLC*, 2021 WL 3129568, at *8 (N.D. Cal. July 23, 2021), and "[t]here are no indications that [Plaintiffs have] failed to adequately represent the interests of the class," *Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*, 2021 WL 1788447, at *10 (N.D. Cal. May 5, 2021). Plaintiff assisted Settlement Class Counsel by reviewing the pleadings, responding to interrogatories, searching for and producing documents, sitting for her deposition, preparing to testify at trial, being available during mediation, and reviewing the Settlement Agreement. Persinger Decl. ¶ 43. The additional plaintiffs named in the proposed Second Amended Complaint made themselves available during mediation and reviewed the Settlement Agreement. Persinger Decl. ¶ 44. Plaintiffs have no conflicts with the other Settlement Class Members. *Id.* ¶ 45.

Settlement Class Counsel have also adequately represented the Settlement Class. Settlement Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. Persinger Decl. ¶¶ 46-59; *id.* at Exs. B-C (firm resumes); Hulick Decl. ¶¶ 5-6. Here, Settlement Class Counsel briefed and defeated Natrol's motion for judgment on the pleadings, obtained key documents in discovery, took seven depositions, defended three depositions, briefed class certification, summary judgment, and *Daubert* motions, and submitted all pretrial filings in advance of a pretrial conference. Persinger Decl. ¶¶ 6-19.

#### 2.      Rule 23(e)(2)(B): The Settlement was negotiated at arm's length

The Ninth Circuit "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution" in analyzing whether to approve a class action settlement. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (cleaned up). Here, the Parties completed extensive factual and expert discovery, and the settlement was reached practically on the eve of trial, with full knowledge of Defendants' potential liability and the risks to Plaintiff's case. Persinger Decl. ¶¶ 61. Thus, Plaintiff and Settlement Class Counsel were well apprised of the salient legal and factual issues

1    before reaching the decision to settle the Action. *Id.*; *see also Louie v. Kaiser Found. Health Plan, Inc.*, 2008

2    WL 4473183, at *6 (S.D. Cal. Oct. 6, 2008) ("Class counsels' extensive investigation, discovery, and

3    research weighs in favor of preliminary settlement approval.").

4         Further, the Settlement includes none of the indicia of collusion identified by the Ninth

5    Circuit. Settlement Class Counsel will not receive a disproportionate distribution of the Settlement

6    Fund, the Settlement Agreement contains no "clear sailing" provisions for fees or service awards, and

7    unclaimed settlement funds will not revert to Natrol—they will be redistributed to Settlement Class

8    Members or be distributed as *cy pres*. *Briseno v. Henderson*, 998 F.3d 1014, 1025-28 (9th Cir. 2021);

9    Agreement §§ 4.8, 4.9.

10        **3.      Rule 23(e)(2)(C): The relief for the Settlement Class is substantial**

11            **a.      Rule 23(e)(2)(C)(i): The costs, risks, and delay of trial and appeal**

12        *First*, the Settlement is fair, reasonable, and adequate in light of the strengths and risks of

13    Plaintiff's case. Persinger Decl. ¶ 62. While Settlement Class Counsel are confident in the strength of

14    Plaintiff's claims, there is risk inherent in litigation of this magnitude. *Id.* Should the case proceed in

15    litigation, Plaintiff could see her claims dismissed or narrowed by motions *in limine*, at trial, or on a

16    subsequent appeal. *Id.*

17        **Second**, the risks, expense, complexity, and likely duration of further litigation also support

18    preliminary approval of the Settlement. *Id.* ¶ 62-63. In evaluating these factors, the Court should

19    "consider the vagaries of litigation and compare the significance of immediate recovery by way of the

20    compromise to the mere possibility of relief in the future, after protracted and expensive litigation."

21    *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). "In this respect,

22    '[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush.'" *Id.*

23    (cleaned up). If the Court does not approve the Settlement, the Parties would incur the expense and

24    burden of continuing to prepare for trial and conducting the trial. Persinger Decl. ¶ 63; *see Paz v. AG*

25    *Adriano Goldschmeid, Inc.*, 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Even if Plaintiff were to

26    succeed on the merits at trial, any recovery would likely be delayed by challenges to the judgment and

27    appeals that could take years to resolve. Persinger Decl. ¶ 63. Absent settlement, there is no guarantee

28    that any of this would lead to greater benefits for the Settlement Class Members. *Id.* The Settlement

1 provides immediate and substantial cash payments to Claimants. It is "plainly reasonable for the

2 parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the

3 opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg*

4 *Co.*, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013).

5         **b.**      **Rule 23(e)(2)(C)(ii): The proposed method of distributing relief and of processing Claims is and will be effective**

6

7         The proposed distribution plan is effective. Settlement Class Members must submit a Claim

8 Form with basic questions about how many bottles of the Products they purchased, customary

9 identifying information (including the Claimant's name, address, email address, and telephone

10 number), potentially limited additional information from Claimants to provide reasonable bases for

11 the Class Administrator to monitor for and detect fraud (such as retailers and the city and state at

12 which the Products were purchased), and confirmation that the Products were not purchased for

13 resale or distribution. Agreement §§ 4.1, 4.4. The Claim Form may be submitted through the

14 Settlement Website. *Id.* § 4.3. Payments will be made through a manner of payment that is cost-

15 efficient, secure, and convenient for Claimants, such as various forms of electronic payment (direct

16 deposit, ACH, Venmo, or PayPal) and check. *Id.* § 4.7; *see also* Settlement Guidance ¶ 3 (Plaintiffs'

17 Counsel should consider "distributions to class members via direct deposit"). This procedure is

18 Claimant-friendly, efficient, cost-effective, proportional, and reasonable.

19         **c.**      **Rule 23(e)(2)(C)(iii): The terms and timing of the proposed Fee Award are fair and reasonable**

20

21         The terms and timing of the proposed Fee Award are fair and reasonable. Settlement Class

22 Counsel will seek approval of attorneys' fees in the amount of $2.25 million, which is 30% of the $7.5

23 million Settlement Fund, which represents a 85.5% negative multiplier on Settlement Class Counsel's

24 current lodestar. Settlement Class Counsel's lodestar is $2,630,914.87, for 3,388.94 hours of work.

25 Persinger Decl. ¶ 67. Since their lodestar will continue to increase in the process of seeking approval,

26 the 85.5% negative multiplier will further decrease. *Id.* ¶ 68. In addition, separately from attorneys'

27

28

1   fees, Plaintiff will also seek $282,756.86 in litigation costs.[4] *Id.* ¶ 67.

2        Proposed Settlement Administrative Expenses are estimated to be between $350,000-

3   $400,000. *Id.* ¶ 41.

4        Plaintiff's Counsel will also seek $7,500 as a Service Award for Plaintiff Yamasaki, who

5   responded to discovery requests, produced documents, sat for her deposition, prepared to testify for

6   trial and ensured her availability, and participated in settlement, as well as $1,000 for each of the five

7   named plaintiffs added to the Second Amended Complaint, for a total amount of $12,500. *Id.* ¶ 69; *see*

8   *Allagas v. BP Solar Int'l, Inc.*, 2016 WL 9114162, at *3-4 (N.D. Cal. Dec. 22, 2016) (approving $7,500

9   service award to plaintiffs who were deposed and $3,500 to one named plaintiff who was not deposed);

10  *also Cabrera v. Google LLC*, 2025 WL 2494429, at *10 (N.D. Cal. Aug. 29, 2025) (awarding $9,000 service

11  award to named plaintiff); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 268 (N.D. Cal. 2015)

12  (approving $10,000 serve award to named plaintiff).

13       Settlement Class Counsel will file a motion seeking this relief at least 35 days before the

14  deadline to object or opt out, which will afford Settlement Class Members a full opportunity to

15  consider this issue before deciding how to proceed under the Settlement. *In re Mercury Interactive Corp.*

16  *Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010); *see also* Settlement Guidance ¶ 9.

17          **d.**       **Rule 23(e)(2)(C)(iv): There are no supplemental agreements**

18       The Parties have no agreements other than the Settlement Agreement. Persinger Decl. ¶ 27.

19          **4.**       **Rule 23(e)(2)(D): Settlement Class Members are treated equitably**

20       The Settlement treats Settlement Class Members equitably relative to each other. Fed. R. Civ.

21  P. 23(e)(2)(D). Each Settlement Class Member may make a claim, to be reviewed and reasonably

22  audited by Epiq for timeliness and validity, and the *pro rata* allocation of the Settlement, followed by

23  additional distributions depending on the availability of funds, is fair and reasonable because it

24  provides equitable relief to all Settlement Class Members who make an valid claim and is consistent

25  with the distribution of funds in other settlements with common funds. *See, e.g., In re Facebook Biometric*

26  *Info. Priv. Litig.*, 522 F. Supp. 3d 617, 629 (N.D. Cal. 2021) (distribution that would provide "pro rata"

27   

28  [4] *See supra* n.3.

1    share of common fund treated class members equitably to one another and "weigh[ed] in favor of

2    final approval") (Donato, J.); *Martinelli v. Johnson & Johnson*, 2022 WL 4123874, at *6 (E.D. Cal. Sept.

3    9, 2022).

4           5.    **Additional Ninth Circuit factors favor approval or are neutral**

5                 **a.    The amount offered in Settlement**

6           The "relief that the settlement is expected to provide to class members is a central concern,"

7    which the Court should consider. *Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *9 (N.D. Cal. Apr. 19,

8    2021) (cleaned up); *see also Churchill Vill., L.L.C.*, 361 F.3d at 575-77. "It is well-settled law that a cash

9    settlement amounting to only a fraction of the potential recovery will not per se render the settlement

10   inadequate or unfair." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 628 (9th

11   Cir. 1982).

12          Here, the $7.5 million settlement fund therefore represents 31.25% of Plaintiff's total potential

13   damages to a nationwide class on a full refund theory liability. This is an excellent outcome for the

14   class and a percentage that should be readily approved. Indeed, the difficulty of predicting jury trial

15   outcomes has in part caused courts to find similar recoveries to be fair and reasonable. *See, e.g.,*

16   Settlement Agreement and Release, *Collins v. Quincy Bioscience, LLC*, No. 19-cv-22864-MGC (June 24,

17   2020), ECF No. 147-1 & Final Order and Judgment, *Collins v. Quincy Bioscience, LLC*, No. 19-cv-22864-

18   MGC (Nov. 18, 2020), ECF No. 200 (granting final approval of claims-made settlement in case

19   alleging false advertising of brain health product); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242

20   (9th Cir. 1998) ("The fact that a proposed settlement may only amount to a fraction of the potential

21   recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should

22   be disapproved." (cleaned up)); *see also, e.g., Greko v. Diesel U.S.A., Inc.*, 2013 WL 1789602, at *5 (N.D.

23   Cal. Apr. 26, 2013) (approving settlement representing 24% of potential damages); *Acosta v. Evergreen*

24   *Moneysource Mortg. Co.*, 2019 WL 6051117, at *11 (E.D. Cal. Nov. 15, 2019) (approving settlement

25   representing 14.4-21.3% of potential maximum recovery).

26          In accordance with Settlement Guidance ¶ 11, paragraph 64 of the Persinger Declaration

27   includes a chart providing information about comparable class action settlements. Based on the

28   percentage of total recovery, the Settlement compares favorably to settlements in similar actions. *See*

1    Persinger Decl. ¶ 64-65.

### b.    The experience and views of Settlement Class Counsel

3    Settlement Class Counsel believe the Settlement is an outstanding recovery for the Settlement

4    Class given the recovery of 31.25% the potential liability to a nationwide class here and fully endorse

5    it as fair, reasonable, and adequate. *Id.* ¶ 60. Settlement Class Counsel are experienced in class action

6    litigation, including false advertising cases, and they have a nuanced understanding of the legal and

7    factual issues involved in this case. *Id.* ¶¶ 61, 46-59 & Exs. B & C (firm resumes); Hulick Decl. ¶ 3.

8    "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with

9    the facts of the underlying litigation." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 (cleaned up).

10    Thus, this *Churchill* factor supports preliminary approval.

### c.    Government participation and settlement class reaction

12    The government participation and settlement class reaction factors are neutral here.

### B.    The Court Should Certify the Settlement Class for Settlement Purposes

14    On a motion for preliminary approval, the parties must also show that the Court "will likely

15    be able to … certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii);

16    *see also* Fed. R. Civ. P. 23(a) and (b)(3).

17    With approximately 1 million units sold to Settlement Class Members, the Settlement Class as

18    defined meets Rule 23(a)'s numerosity requirement. Persinger Decl. ¶ 29; *see, e.g., Celano v. Marriott Int'l*

19    *Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007) (numerosity is satisfied with at least 40 members). Typicality

20    is satisfied because both Plaintiff's and the Class Members' claims arise from Defendant's alleged

21    misleading marketing of the Products such that they suffered the same injury and have the same

22    interests. Fed. R. Civ. P. 23(a)(3); *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). And, as

23    discussed above, Plaintiff and Settlement Class Counsel are adequate. Fed. R. Civ. P. 23(a)(4); *supra* §

24    V.A.1. Class certification here is also "superior to other available methods for fairly and efficiently

25    adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Class-wide resolution is the only practical

26    method of addressing the alleged violations at issue in this case. *See Wolin v. Jaguar Land Rover N. Am.,*

27    *LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). The Settlement Class also satisfies the commonality and

28    predominance requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); Fed. R. Civ. P.

13

1   23(b)(3). The Settlement Class's claims here depend on the common contention that the Products are

2   falsely advertised as being capable of improving memory and recall when they cannot.

3          **C.**    **The Court Should Approve the Proposed Notice Program**

4         The parties' proposed Notice Plan consists of (1) media, internet, and social media notice; (2)

5   mailed notice to purchasers for whom Natrol has addresses; (3) direct notice via email to Amazon

6   purchasers, effected by Amazon; (4) a Settlement Website where the Long Form Notice and other

7   important case documents will be available; and (5) a toll-free informational telephone number. Azari

8   Decl. ¶ 26-44. Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

9   members who would be bound by the proposal" if it is likely Rule 23(e)(2) is met and certification will

10   be granted. The operative notice plan is the best notice practicable and is reasonably designed to reach

11   the Settlement Class Members. *Id.* ¶¶ 19-20. Courts in the Ninth Circuit have approved less

12   comprehensive approaches to class notice. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at

13   946; *In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091, at *7 (N.D. Cal. Mar. 26, 2014) (approving

14   notice plan with only indirect notice); *Youth Just. Coals. v. City of L.A.*, 2020 WL 9312377, at *5 (C.D.

15   Cal. Nov. 17, 2020) (same). Moreover, the Notice contains all the critical information required to

16   apprise the Settlement Class Members of their rights under the Settlement and is written in simple,

17   straightforward language in full compliance with Settlement Guidance ¶ 3. The postcard notice

18   includes the Settlement Class Member's unique identification number, the toll-free informational

19   telephone number, and a link to the Settlement Website, and the email notice includes the foregoing

20   information as well as information about the lawsuit, Settlement Class Counsel, how to make a claim

21   or opt out, the deadline to file a claim, and the date of the Final Approval Hearing. Agreement, Exs.

22   4-5. The Long Form Notice provides detailed information, including: (1) basic background

23   information about the Action; (2) a description of the benefits provided by the Settlement; (3) an

24   explanation of how Settlement Class Members can obtain benefits; (4) an explanation of how

25   Settlement Class Members can opt out of or object to the Settlement; (5) an explanation that any

26   claims against Defendant that could have been litigated in the Action will be released if the Settlement

27   Class Member does not opt out; (6) information regarding Settlement Class Counsel's forthcoming

28   request for a Fee Award and Service Awards; (7) instructions to access the case docket via PACER;

(8) the Final Approval Hearing date (subject to change); (9) an explanation of eligibility for appearing at the Final Approval Hearing; and (10) Settlement Class Counsel's contact information. Agreement, Ex. 2.

This approach to notice is more than adequate. *See, e.g.*, *Knutson v. Schwan's Home Serv., Inc.*, 2014 WL 3519064, at *5 (S.D. Cal. July 14, 2014) (approving mailed notice where notice would include the settlement website with full settlement details and the claim administrator's toll free number); *In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091, at *7 (approving notice plan with only indirect notice, including internet-based notice); *Youth Just. Coals.*, 2020 WL 9312377, at *5 (approving notice plan with only indirect notice). This information provides "sufficient detail" to allow class members with adverse viewpoints to conduct further investigation and "come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks omitted). Accordingly, this notice program will fully apprise Settlement Class Members of their rights under Rule 23(e) and should be approved.

## VI.    PROPOSED SCHEDULE FOR FINAL APPROVAL PROCEEDINGS

Plaintiff asks the Court to schedule the time, date, and place of the Final Approval Hearing to decide whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Plaintiff also requests that the Court set the other deadlines in the Persinger Declaration paragraph 70.

## VII.    CONCLUSION

Plaintiff requests that the Court grant preliminary approval, provisionally certify a nationwide Settlement Class for settlement purposes only; conditionally approve the Second Amended Complaint, filed with this motion, for purposes of the proposed Settlement; appoint Plaintiff Venus Yamasaki, and the named Plaintiffs in the proposed Second Amended Complaint (James Beuchler, Samella Coffee, Dalit Cohen, Khari Wheeler, and Uzodinma Ugoala), as Class Representatives for settlement purposes only; appoint Tycko & Zavareei LLP, and Spangenberg Shibley & Liber LLP as Class Counsel for settlement purposes only; approve the form, manner, and content of the proposed notice and order that it be distributed to the Settlement Class pursuant to the proposed Notice Plan; set deadlines for filing claims, objections, and exclusions to the Settlement; schedule a Final Approval Hearing; and stay all proceedings until the Court renders a final decision on approval of the Settlement.

1    DATED: September 26, 2025                    Respectfully submitted,

2                                                */s/ Annick M. Persinger*
                                                 Annick M. Persinger (CA Bar No. 272996)
3                                                **TYCKO & ZAVAREEI LLP**
                                                 1970 Broadway, Suite 1070
4                                                Oakland, California 94612
                                                 Telephone: (510) 254-6808
5                                                Facsimile: (202) 973-0950
                                                 apersinger@tzlegal.com
6
                                                 Hassan A. Zavareei (CA Bar No.181547)
7                                                Allison W. Parr (*pro hac vice*)
                                                 **TYCKO & ZAVAREEI LLP**
8                                                2000 Pennsylvania Avenue NW, Suite 1010
                                                 Washington, DC 20006
9                                                (202) 973-0900
                                                 hzavareei@tzlegal.com
10                                               aparr@tzlegal.com

11
                                                 Stuart E. Scott (*pro hac vice*)
12                                               Kevin Hulick (*pro hac vice*)
                                                 **SPANGENBERG SHIBLEY**
13                                               **& LIBER LLP**
                                                 1001 Lakeside Avenue East, Suite 1700
14                                               Cleveland, OH 44114
                                                 (216) 696-3232
15                                               sscott@spanglaw.com
                                                 khulick@spanglaw.com
16
                                                 *Attorneys for Plaintiff*
17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 23-cv-00182-JD